James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:  (212) 374-0009
F:  (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SADE HAGANS, on behalf of herself, and others similarly situated,

                Case No.

                Plaintiff,      **COMPLAINT**

-against-

FIT CLUB, INC., and KELLEN SCANTLEBURY      ECF Case,

                Defendants.

---

Plaintiff, SADE HAGANS, on behalf of herself and other similarly situated employees, by and through their undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, FIT CLUB, INC., and KELLEN SCANTLEBURY, (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from the Defendants: (1) unpaid compensation; (2) statutory penalties (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Additionally, Plaintiff alleges that she is entitled to compensation from Defendants for their unjust enrichment at Plaintiff's expense for failing to pay Plaintiff wages and benefits owed for services rendered by plaintiff to Defendants.

4. Finally, Plaintiff alleges that she is entitled to compensation for Defendants intentional deduction of wages during Plaintiff's use of paid vacation days.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is an adult resident of Bronx County, New York.

8. Upon information and belief, Defendant, FIT CLUB, INC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 153 W 27th St Suite 1204, New York, NY 10001.

9. Upon information and belief, Defendant, KELLEN SCANTLEBURY, is an owner, officer, director and/or managing agent of FIT CLUB, INC., whose address is unknown at this time, and who participated in the day-to-day operations of FIT CLUB,

INC, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with FIT CLUB, INC.

10. Plaintiff was employed by Defendants in New York County, New York, to work as a receptionist, from in or around August of 2017, until on or about November 27, 2017.

11. At all relevant times, FIT CLUB, INC. was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, Plaintiff's work regularly involved in interstate commerce.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by FIT CLUB, INC.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned compensation in contravention of the FLSA and NYLL.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In or about August 2017, Plaintiff was hired by Defendants to work as a receptionist for Defendants' physical therapy business located at 153 W 27th St Suite 1204, New York, NY 10001.

17. Plaintiff worked for the Defendants from in or around August, 2017 until November 27, 2017, she resigned due to working conditions, including but not limited to, Defendants failure to pay for all hours worked.

18.     During Plaintiff's employment by Defendants, she worked forty (40) hours per week. Plaintiff generally worked five (5) days a week, and her work shift generally consisted of eight (8) hours each day.

19.     Defendant, KELLEN SCANTLEBURY, is an individual who, upon information and belief, owns the stock of FIT CLUB, INC., owns FIT CLUB, INC., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

20.     Defendant KELLEN SCANTLEBURY exercised control over the terms and conditions of his Plaintiff's employment, in that he has and has had had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

21.     Plaintiff was directed by Defendant KELLEN SCANTLEBURY to enter her hours into an excel spreadsheet on a daily basis.

22.     Rather than enter the number of hours Plaintiff actually worked, Defendant KELLEN SCANTLEBURY directed Plaintiff to enter whatever number of hours he deemed appropriate for the day.

23.     Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and other similarly situated employees wages for the hours actually worked, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

24. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

25. Defendants did not provide Plaintiff and all other similarly situated employees, with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

26. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked.

27. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

28. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT 1

**[Violation of the Fair Labor Standards Act]**

29. Plaintiff re-alleges and re-aver each and every allegation and statement contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

33. Plaintiff was entitled to be paid for all hours worked as provided for in the FLSA.

34. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked as provided for in the FLSA.

35. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

36. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff for all hours worked, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

37. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

38. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants failed to properly disclose or apprise Plaintiff and similarly situated employees of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidate damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and, an equal amount as liquidated damages, and prejudgment interest thereon.

42. Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Laws]

43. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff and similarly situated employees.

45. Defendants, pursuant to their policies and practices, refused and failed to pay a wage to Plaintiff for all hours worked.

46. By failing to compensate Plaintiff a wage for all hours worked, Defendant violated Plaintiff's statutory rights under the NYLL.

47. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

48. Therefore, Defendants knowingly and willfully violated Plaintiff rights by failing to pay Plaintiff compensation for all hours worked in a workweek.

49. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT III

### [Violation of New York Labor Law]

50. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. NYLL § 190(1) defines wages as including benefits or wage supplements as defined in NYLL § 198(c)

52. NYLL § 191(3) provides that an employer shall pay such wages not later than the regular pay day for the pay period during which employment was ceased.

53. As terms of her employment with Defendants, Plaintiff was entitled to ten (10) days of paid vacation.

54. Defendants, pursuant to their policies and practices, refused and failed to pay Plaintiff wages due upon use of a vacation day and/or pay Plaintiff ten (10) unused vacation days upon the termination of her employment.

55. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

56. Therefore, Defendants knowingly and willfully violated Plaintiff rights by failing to pay Plaintiff her wage entitled under NYLL.

57. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT IV

### [Failure to provide a Wage Notice]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

60. Defendants have willfully failed to supply Plaintiff and similarly situated employees with a wage notice, as required by NYLL, § 195(1).

61. Through their knowing or intentional failure to provide the Plaintiff and similarly situated employees with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

62. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated employees are entitled to statutory penalties of fifty ($50.00) dollars each work day that Defendants failed to provide Plaintiff and similarly situated employees with wage notices, or a total of five thousand dollars each, and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT V

**[Failure to provide Wage Statements]**

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. Defendants have willfully failed to supply Plaintiff and similarly situated employees with a wage statement, as required by NYLL, § 195(3).

65. Specifically, Plaintiff was paid with a personal or business check, and not provided with a wage statement as required by law.

66. Through their knowing or intentional failure to provide the Plaintiff and similarly situated employees with an accurate wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

67. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated employees are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated employees with wage statement, or a total of five thousand dollars, and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT VI

**[Unjust Enrichment]**

68. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. Defendants have been unjustly enriched at Plaintiff's expense by, among other items, failing to pay Plaintiff wages for services rendered by Plaintiff to Defendants.

10

70. The circumstances are such that equity and good conscience require Defendants to full restitution to Plaintiff.

71. By reason of the foregoing, Plaintiff has been damaged, and in entitled to judgement against Defendants, in an amount to be determined at trial, together with interest thereon, to compensate Plaintiff for Defendant's unjust enrichment.

## COUNT VII

### [Conversion]

72. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "71" of this Complaint as if fully set forth herein.

73. Defendant's intentional deduction from Plaintiff's paycheck of wages earned through Plaintiff's use of vacation days constitutes fraud and conversion as defined by New York State Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SADE HAGANS, on behalf of herself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages due under the FLSA and NYLL;

(b) An award of liquidated damages as a result of defendants' failure to pay wages compensation pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages and unpaid compensation due under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of defendants' failure to pay wages, pay compensation, provide wage notices, and provide wage statements pursuant to the NYLL;

(e)     An award of damages to compensate Plaintiff for Defendant's unjust enrichment for failing to pay Plaintiff wages;

(f)     An award of damages to compensate Plaintiff for Defendant's conversion of Plaintiff's vacation days;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York

Respectfully submitted

By: _____
James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:    (212) 374-0009
F:    (212) 374-9931
*Attorneys for Plaintiff*
Jsullivan@jfslaw.net

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Sade Hagans, am an employee currently or formerly employed by Fit Club Inc. and/or related entities. I consent to be a plaintiff in the above captioned lawsuit to collect unpaid wages.

Dated: New York, New York
       February 9, 2018

*/s/ Sade Hagans*
Sade Hagans