# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
Tel (212) 374-0009
Fax (212) 374-9931

VIA ECF                                                April 13, 2018

Hon. Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Hagans v. Fit Club Inc. et. al.*
      No. 18-cv-1374(KBF)

Dear Judge Forrest:

     Plaintiff, SADE HAGANS, ("Plaintiff") and Defendants, FIT CLUB, INC. and KELLEN SCANTLEBURY, (collectively "Defendants") jointly request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit "1".

## BACKGROUND

     Plaintiff filed a Complaint on February 16, 2018, asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay an hourly wage for all hours worked, failed to pay Plaintiff for accrued, unspent vacation days, and failing to provide wage notices and accurate wage statements. The Defendants have appeared in this case and have answered on March 19, 2018. Thereafter, in aid of early resolution of this action, Defendants produced time records and check copies.

## CLAIMS AND DEFENSES

     Plaintiff was a receptionist who worked at FIT CLUB, INC. which is owned, operated, managed, and controlled by KELLEN SCANTLEBURY. Plaintiff filed her complaint, alleging that Defendants failed to pay her in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq.* and the NYLL. Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that are required under the NYLL.

There are a number of contested factual issues in this case. Plaintiff claims that she did not receive an hourly minimum wage for all hours worked for Defendants. Specifically, Plaintiff alleges that she was not paid for three (3) days of training as well as for intermittent periods of time through the course of her employment for work performed at the beginning of her shift and at the end of her shift: an approximate total amount of eighty-five hours of unpaid wages. Plaintiff further alleged that she was due payment for accrued vacation days at the time of her termination of employment from Defendants.

In contrast, Defendants claim that Plaintiff was properly compensated for all hours she worked in accordance with the FLSA and NYLL. In support of their position, Defendants produced time records, check copies and text messages, evidencing the hours Plaintiff worked, the amount she was paid, and the days on which she was late to or absent from work. With respect to the wage notice and earning statement claims, Defendants assert that Plaintiff is not entitled to statutory damages because "the employer made complete and timely payment of all wages due." *See* NYLL § 198(1-b) and (1-d). Although Defendants believe they have meritorious defenses to each of Plaintiff's claims, they agreed to settle this action to avoid the costs associated with litigation, which are estimated to exceed Defendants' potential liability in this action.

## SETTLEMENT AMOUNT

Plaintiff claims that she did not receive an hourly minimum wage for all hours worked while in the employ of the Defendants. Specifically, Plaintiff alleges that she was not paid for three (3) days of training as well as for intermittent periods at the beginning of her shift and at the end of her shift: an approximated total amount of eighty-five (85) hours. Further, Plaintiff claims that she was owed a wage rate of $15.00 an hour pursuant to her understanding with Defendants. Therefore, Plaintiff alleges that she would be owed approximately $1,275.00 in unpaid wages at a $15.00 dollar an hour rate. Further, Plaintiff alleges that she is owed ten (10) days of accrued yet unpaid vacation; a total value of $1,200.00. Additionally, Plaintiff would be entitled to liquidated damaged equal to 100% of the unpaid wages. Finally, Plaintiff would be entitled to statutory penalties for not providing a wage notice and wage statement.

Therefore, Plaintiff's best case award would be $3,750.00, excluding statutory penalties. However, Plaintiff recognizes that the damages owed can decrease based on Defendants' proof of hours worked. Thus, a settlement of $4,500.00–which wholly compensates Plaintiff for wages owed, as alleged by the Plaintiff–is a fair and reasonable settlement resulting from an arm's-length negotiation between experienced counsel.

## ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will recover

$1,835.34, equaling $505.00 in costs deducted from the $4,500.00 settlement amount and one-third of the remainder $3,995.00 which equals $1,330.34. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424.

Here, Plaintiff seeks hourly rates of $400.00 for James F. Sullivan, an attorney and owner of the Law Offices of James F. Sullivan, P.C. ("JFS"). James F. Sullivan is a 1996 graduate of St. John's University School of Law. Mr. Sullivan is admitted to practice in New York (1997), New Jersey (1996), United State District Court, Southern District (2008) and Eastern District (2018) of New York. James Sullivan served as a Court Attorney in the Civil Court of the City of New York, Queens County from 1997 to 2000. He then joined the in-house law firm for a major insurance company, before starting his own firm in 2002. Mr. Sullivan has tried numerous cases to verdict in jury trials in New York State Courts. Mr. Sullivan has also tried multiple bench trials and numerous arbitrations. Mr. Sullivan has a diverse practice that is primarily focused on litigation of personal injury cases, insurance claims and FLSA actions.

Additionally, Plaintiff seeks hourly rates of $400.00 for Lawrence Spasojevich, an attorney at JFS. Lawrence Spasojevich is a 2009 graduate of the University Of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Ninety percent (90%) of Lawrence Spasojevich's case load concentrates on wage and hour individual, multi-plaintiff, collective in class actions in this Court, the Eastern District of New York, and New York State Courts. Prior to joining JFS, Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Thus, the contingency amount of $1,330.34 (excluding costs) is less than the lodestar amount. JFS's contemporaneous time records of work performed in relation to the case are attached hereto as Exhibit "2".

## THE SETTLEMENT SHOULD BE APPROVED

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation lo resolve bona fide disputes." <u>Johnson v. Brennan</u>, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues "the court should approve the settlement." <u>Id</u>. (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679. F.2d 1350, 1351 n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is clearly fair and reasonable. <u>See</u>, e.g., <u>Meigel v. Flowers of the World. NYC. Inc.</u>, No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically,

courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); Hernandez v. C-Penn Foods Inc., No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her hours is sufficient to prove the hours that she worked and the wages she received, her recollection is not binding on the fact finder. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours and accrued, unpaid vacation. In addition, if Defendants' defenses are given credence, Plaintiff would recover significantly less, if any at all, than her claimed unpaid wages and accrued, unpaid vacation days.

The non-monetary terms of the agreement are also reasonable. The agreement includes a limited release (paragraph 4) and there are no other provisions that undermine the purposes or policy behind the FLSA. See, e.g., Santos v. Yellowstone Props., Inc., No. 15-cv-3986 (PAE), 2016 WL 2757427 at *1, 3 (S.D.N.Y. May 10, 2016); Hyun v. Ippudo USA Holdings, No. 14-cv-8706 (AJN), 2016 WL 1222347 at *3-4 (S.D.N.Y. Mar. 24, 2016). In light the overall fairness of the settlement and the risks of continued litigation, these provisions are fair and should be approved.

Given the conflicting evidence, the quality of the evidence and counsel, and the allocation of the burden of proof on Plaintiff, this settlement represent a reasonable compromise with respect to contested issues. For the foregoing reasons, we respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. See Reyes v. Altamarea Group. LLC, 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

We thank the Court for its attention to this matter.

Respectfully,

James F. Sullivan

cc:     All counsel of record

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SADE HAGANS, on behalf of herself and others similarly situated,

                Plaintiff,

-against-

FIT CLUB, INC. and KELLEN SCANTLEBURY,

                Defendants.

Case No. 18-cv-01374 (KBF)

**SETTLEMENT AGREEMENT AND RELEASE**

---

      This Settlement Agreement and Release (the "Agreement") is made by and between Plaintiff Sade Hagans ("Plaintiff") and Defendants Fit Club, Inc. ("Fit Club") and Kellen Scantlebury (collectively "Defendants") as of the date(s) set forth below.

      **WHEREAS**, Plaintiff and Defendants desire to resolve, settle and agree to dismiss with prejudice any and all claims that were or could have been raised in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

      **WHEREAS**, Plaintiff's claims shall be dismissed in their entirety, with prejudice, pursuant to the annexed Stipulation and Order of Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendants;

      **NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties agree as follows:

      1.    **<u>Definition of the Parties</u>**.

      (a)    The term "Plaintiff" is defined to include Sade Hagans, and all presently or formerly affiliated persons, including, but not limited to, her present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, lienholders, counsel, and any otherwise affiliated or related persons or entities.

      (b)    The term "Defendants" is defined to include Fit Club and Scantlebury and all presently and formerly affiliated persons or entities, including, but not limited to, any present or former affiliated entities, attorneys, insurers, employee benefit plans, purchasers of assets or stocks, investors, insurers, shareholders, successors, assigns, counsel, administrators, creditors, debtors, board members, officers, partners, directors, agents, fiduciaries, representatives, employees (including, but not limited to, present or former co-workers or supervisors of Plaintiff), and any other related persons or entities.

      2.    **<u>Consideration</u>**: As full settlement and final satisfaction of the claims raised in the Lawsuit, and in consideration for the agreements and obligations set forth in this Agreement, including but not limited to the release by Plaintiff set forth in Paragraph 4, Fit Club shall pay the

1

Plaintiff the total sum of Four Thousand Five Hundred Dollars and Zero Cents ($4,500.00) (hereinafter, the "Settlement Amount"), payable as follows:

    (a) A check made payable to "Sade Hagans" in the gross amount of $2664.66, less applicable withholdings and deductions, representing payment for any and all unpaid wages and any accrued by unused vacation days and floating holidays. Fit Club shall issue an IRS Form W-2 with respect to this payment, based on the IRS Form W-4 Plaintiff submits to Defendants in connection with this Agreement.

    (b) A check made payable to the "Law Offices of James F. Sullivan, P.C." in the amount of $1835.34, representing payment for Plaintiff's attorneys' fees, whether those fees and costs were incurred by the Law Offices of James F. Sullivan P.C., and/or any other law firm or attorney. Fit Club shall issue the Law Offices of James F. Sullivan P.C. and Plaintiff IRS Form 1099s with respect to this payment, based on IRS Form W-9s submitted to Defendants.

    (c) The checks set forth in Paragraphs (a) through (b), above, shall be sent to James F. Sullivan, Esq., 52 Duane Street, 7th Floor, New York 11530 within 30 days of the Court's order approving this Agreement and dismissing the Lawsuit.

    (d) Pursuant to Paragraph 7 below, upon execution of this Agreement, the Parties agree to execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court along with a Joint Application for Approval of the Settlement Agreement.

    3. **Full Payment**: Plaintiff agrees and affirms that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which she may have suffered because of any acts or omissions of the Defendants as alleged in the Lawsuit, including any claims for wages or overtime pay under state, federal or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

    4. **Release of Claims.** Plaintiff knowingly and voluntarily relinquishes, releases and forever discharges Defendants of and from any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought in this Lawsuit, or that could have been brought under the Fair Labor Standards Act, the New York Labor Law, common law and/or any local, state or federal wage statute, code or ordinance, from the beginning of time through the date of this Agreement (hereinafter the "Released Claims").

    5. **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

6. **No Interference with Rights**: Plaintiff's release of claims set forth in Paragraph 4 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. or New York State Departments of Labor, or any other governmental agency charged with enforcement of any law. Further, nothing in this Agreement shall be construed to interfere with the ability of any federal, state, or local government agency to investigate any such charge or complaint, or Plaintiff's ability to communicate voluntarily with, including providing documents or other information to, any such agency. However, by signing this Agreement, Plaintiff understands that she is waiving her right to receive individual relief based on the Released Claims.

7. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

    (a) The Parties intend for the Plaintiff to waive the Released Claims, and therefore desire that this Agreement be approved by the Court in which the Lawsuit is pending. Accordingly, the Parties agree to file a Joint Application for Approval of the Settlement Agreement after full execution of this Agreement.

    (b) Upon execution of this Agreement, the Parties agree to promptly execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court along with a Joint Motion for Approval of the Settlement Agreement.

    (c) Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement, and the release in Paragraph 4 shall be ineffective and unenforceable.

8. **Taxes and Withholding**: If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to further taxation or withholding, Plaintiff agrees that she shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to her individually or on her behalf, and shall protect, indemnify and hold harmless Defendants from any tax payment, interest and penalties attributable to Plaintiff.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of her claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11. **Changes to the Agreement**: This Agreement may not be changed, altered or amended unless the changes are in writing and signed by all of the Parties or their designees.

12. **No Other Complaints or Charges**: Plaintiff represents that other than the Lawsuit, she has no pending actions, administrative charges or complaints, grievances or arbitrations against any of the Defendants. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to her employment with Defendants.

13. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to its conflict of laws principles.

15. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("S.D.N.Y.") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the S.D.N.Y. in any action or proceeding a Party hereto commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the S.D.N.Y.; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the S.D.N.Y. has been brought in an inconvenient forum.

16. **Assignment of Claims**: Plaintiff represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released in this Agreement.

17. **Voluntary Agreement**: Plaintiff represents and agrees that:

    (a) She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her by her attorney;

    (b) She signed this Agreement freely and voluntarily and without duress;

4

(c)  No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Defendants or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d)  She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

18.  **Review Period**: Plaintiff has been given a period of, at least, fourteen (14) days after receiving this Agreement to review and consider this Agreement before signing it ("Review Period"). The Parties agree that any changes to this Agreement, whether material or immaterial, do not restart the running of the Review Period. Plaintiff understands that she may use as much of this Review Period as she wishes prior to signing this Agreement and that, to the extent that she decides to sign this Agreement prior to the expiration of the Review Period, such decision was knowing and voluntary on her part.

19.  **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter covered by this Agreement.

20.  **Waiver**: No provision in this Agreement may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21.  **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22.  **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23.  **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24.  **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT**

DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HER ATTORNEY BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**SADE HAGANS**

By: *Sade Hagans*
    Sade Hagans

Dated: 4/12/2018

**FIT CLUB, INC.**

By: _____
    Kellen Scantlebury

Dated: _____

**KELLEN SCANTLEBURY**

By: _____
    Kellen Scantlebury

Dated: _____

6

DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HER ATTORNEY BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**SADE HAGANS**

By: _____
    Sade Hagans

Dated: _____

**FIT CLUB, INC.**

By: ____/s/ Kellen Scantlebury____
    Kellen Scantlebury

Dated: __4/12/18__

**KELLEN SCANTLEBURY**

By: ____/s/ Kellen Scantlebury____
    Kellen Scantlebury

Dated: __4/12/18__

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SADE HAGANS, on behalf of herself and others similarly situated,

                Plaintiff,

-against-

FIT CLUB, INC. and KELLEN SCANTLEBURY,

                Defendants.

Case No. 18-cv-01374 (KBF)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendants that the parties' Settlement Agreement and Release, having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by the Court. Consistent with the terms of the parties' Settlement Agreement and Release, the United States District Court for the Southern District of New York shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

---

James F. Sullivan
LAW OFFICES OF JAMES F. SULLIVAN, P.C.
*Attorneys for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
(212) 374-0009

Shawn Matthew Clark
LITTER MENDELSON, P.C.
*Attorneys for Defendants*
900 Third Avenue
New York, New York 10022
(212) 583-9600

SO ORDERED:

---

Hon. Katherine B. Forrest
United States District Judge

Firmwide:153865424.1 097284.1001

# Exhibit 2

**Hagans, Sade v. Fitclub, et al**

| Date | Attorney | Description | Rate | Time | Total |
|---|---|---|---|---|---|
| 2/9/2018 | JFS | New client meeting | $ 400.00 | 1.25 | $ 500.00 |
| 2/14/2018 | JFS | Phone call with client to review claim | $ 400.00 | 0.25 | $ 100.00 |
| 2/15/2018 | JFS | Draft of Complaint; Draft and request issuance of Summons; Draft case description sheet. | $ 400.00 | 2.75 | $ 1,100.00 |
| 3/12/2018 | JFS | Receipt and review of aff of service on Defendant Scantlbury. Upload same to Court file | $ 400.00 | 0.5 | $ 200.00 |

**Expense**

| Date | Description | amount |
|---|---|---|
| 2/15/2018 | Case Number | $ 400.00 |
| 3/1/2018 | Service on Scantlbury | $ 50.00 |
| 2/27/2018 | Service on Fitclub | $ 55.00 |

| Date | Atty | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 3/13/2018 | JFS | Receipt and review of aff of service on Defendant Fitclub. Upload same to Court file | $ 400.00 | 0.5 | $ 200.00 |
| 3/19/2018 | JFS | Receipt and review of answer on behalf of Defendants | $ 400.00 | 0.75 | $ 300.00 |
| 3/22/2018 | JFS | Receipt and review of time records from Defendant and copies of checks | $ 400.00 | 0.75 | $ 300.00 |
| 3/22/2018 | JFS | Meeting with Client and mother to review documents produced by Defendants | $ 400.00 | 0.75 | $ 300.00 |
| | | | | Total | $ 505.00 |

| Date | Initials | Description | Rate | Hours | Total |
|---|---|---|---|---|---|
| 3/23/2018 | | Phone call to Defense attorney. Left message to return call. Phone conference with Defense Attorney regarding client's claim and demand. | | | |
| 3/27/2018 | JFS | Review of copies of emails send from defense counsel. Phone Call with Client Re: settlement offer. | $ 400.00 | 0.25 | $ 100.00 |
| 3/29/2018 | JFS | E-mail with defense counsel re: settlement. Phone conference with Client regarding settlement offer | $ 400.00 | 0.5 | $ 200.00 |
| 4/2/2018 | LS | review of letter to court regarding settlement | $ 400.00 | 0.1 | $ 40.00 |

| 4/9/2018 | LS | review of draft settlement agreement. | $ 400.00 | 0.25 | $ 100.00 |

| | | | **Fee** | $ | **3,540.00** |
| | | | **Expenses** | $ | **505.00** |
| | | | | $ | **4,045.00** |