UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SADE HAGANS, on behalf of herself, and
others similarly situated,

                                  Plaintiffs,

                      -v-

FIT CLUB, INC. and KELLEN
SCANTLEBURY,

                                Defendants.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 2, 2018

18-cv-1374 (KBF)

<u>ORDER</u>

KATHERINE B. FORREST, District Judge:

       Currently pending before the Court is a proposed settlement in the amount of $4,500. (ECF No. 17.) For the reasons stated below, the Court hereby APPROVES the amount of the settlement.

I.      BACKGROUND

       On February 15, 2018, Sade Hagans commenced this collective action against Fit Club, Inc. and Kellen Scantlebury pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, and the New York Labor Law ("NYLL"), §§ 142-2 and 195. (<u>See generally</u> Compl., ECF No. 1.) Plaintiff's complaint alleges, in sum, that defendants: (1) failed to pay plaintiff for three days of training and for work performed at the beginning and ends of her shift; and (2) failed to pay plaintiff for accrued vacation days at the time of her termination of employment.

On April 13, 2018, the parties informed the Court that they had agreed upon a settlement and made a fairness submission containing the terms of their proposed consent judgment pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  (ECF No. 17.)  On April 18, 2018, in response to an Order from the Court (ECF No. 18), plaintiff submitted the retainer agreement she had with her counsel.  The settlement provides that, in exchange for plaintiff's dismissal of the action with prejudice, defendant shall pay $4,000, inclusive of all attorney's fees and costs.  (See generally ECF No. 13-1.)

II.    LEGAL PRINCIPLES

    A.  Approval of FLSA Settlements

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  Before the Court enters judgment on a settlement agreement, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'"  Santos v. Yellowstone Properties, Inc., Case No. 15-cv-3986, 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

(1) the plaintiffs' range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and

expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting

Medley v. Am. Cancer Soc., Case No. 10-cv-3214, 2010 WL 3000028, at *1

(S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1)

'the presence of other employees situated similarly to the claimant'; (2) 'a

likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA

noncompliance by the same employer or others in the same industry or

geographic region'; and (4) the desirability of 'a mature record' and 'a pointed

determination of the governing factual or legal issue to further the development

of the law either in general or in an industry or in a workplace.'" Id. (citation

omitted).

B. Amount of Attorney's Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to

reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F.

Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law

§ 663(1)).  Attorney's fees are intended "to encourage members of the bar to provide

legal services to those whose wage claims might otherwise be too small to justify the

retention of able, legal counsel." Sand v. Greenberg, Case No. 08-cv-7840, 2010 WL

69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate

provision of legal fees, many violations of the [FLSA] would continue unabated and

uncorrected"); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases).

Attorney's fees in FLSA settlements are subject to the Court's approval, however. See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585. Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting General Elec. Co. v. Compagnie Euralair, S.A., Case No. 96-cv-0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

In this Circuit, courts typically approve attorneys' fees that range between 30 and 33.33%. See Guzman v. Joesons Auto Parts, Case No. 11-cv-4543, 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); see also Meza v. 317 Amsterdam Corp., No. 14-cv-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Silverstein v. AllianceBernstein LP, Case No. 09-cv-5904, 2013 WL

6726910, at *9 (S.D.N.Y. Dec. 20, 2013); <u>Beckman v. KeyBank, N.A.</u>, 293 F.R.D. 467, 481 (S.D.N.Y. Apr. 29, 2013).

In assessing the reasonableness of a proposed attorney's fee award, the Court considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." <u>Stancyzk v. City of New York</u>, 752 F.3d 273, 284 (2d Cir. 2014) (internal citations, quotations, and alterations omitted). "A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" <u>Costello v. Flatman</u>, Case No. 11-cv-287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees with respect to the Americans with Disabilities Act) (quoting <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. <u>Arbor Hill</u>, 522 F.3d at 190-91.

"Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases." <u>Vasquez v. TGD Grp., Inc.</u>, Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); <u>see</u> <u>Agudelo v. E & D LLC</u>, Case No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); <u>Carrasco v. West Village Ritz Corp.</u>, Case No. 11-cv-7843,

2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); Wong v. Hunda Glass Corp., Case No. 09-cv4402, 2010 WL 3452417, at *3 (S.D.N .Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour") (citations omitted).  For paralegals, "courts in this Circuit have generally found $75 to be reasonable."  Cuevas v. Ruby Enters. of N.Y., Inc., Case No. 10-cv-5257, 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013).

III.   DISCUSSION

Having considered all the facts and circumstances in this case, the Court finds the proposed settlement amount of $4,000 to be fair and reasonable.

Plaintiff calculates that if she were to succeed on all his claims, she would recover $3,750, excluding statutory damages.  Pursuant to the proposed settlement (which provides for a total payment of $2,664.66 to plaintiff), plaintiff would recover 71% of that amount.  (Id.)

The Court has no reason to believe that the proposed settlement here was not the result of arms-length bargaining between the parties.  Because the plaintiffs' proposed recovery of $2,664.66 is substantial, the Court concludes that it is fair and reasonable.

The Court does not conclude that the proposed settlement is "unfair" or "unreasonable."  Here, the proposed settlement agreement allocates $1,835.34

for attorney's fees and costs ($1,330.34 in fees and $505 in costs)—or 41%

percent of the total settlement amount of $4,500—to the Law Offices of James

Sullivan.  (See ECF No. 17.)  As previously noted, courts in this Circuit typically

approve attorney's fees that range between 30-33.33%.  See, e.g., Guzman, 2013

WL 2898154, at *4 (collecting cases).  The amount attributable to fees—

$1330.34—is 30% of the total settlement award.  Additionally, the proposed

attorney's fee amount here is less than the lodestar amount.  (See ECF No. 13.)

Courts also regularly approve multipliers between 3.0 and 4.5.  See, e.g., In re

Lloyd's Am. Tr. Fund Litig., No. 96-cv-1262, 2002 WL 31663577, at *1 (S.D.N.Y.

Nov. 26, 2002), aff'd sub nom. Adams v. Rose, No. 03-7011, 2003 WL 21982207

(2d Cir. Aug. 20, 2003).

Because the proposed attorney's fees and costs are less than the lodestar,

and because courts in this Circuit have routinely approved attorney's fees of less

than thirty-three percent, the Court concludes that the proposed attorney's fees

and costs in this case are fair and reasonable.

IV.      CONCLUSION

For the reasons set forth above, the Court APPROVES the proposed consent

judgment.  Plaintiff's counsel is to receive $1,835.34 of the judgment amount.

Plaintiff shall receive the remaining $2,664.66.

The Clerk of Court is directed to terminate case 18-cv-1374.

SO ORDERED.

Dated:       New York, New York
             May 2, 2018

_____
     KATHERINE B. FORREST
     United States District Judge